No. ——

First Circuit

---

**OPELOUSAS-ST. LANDRY BANK & TRUST COMPANY v. CHARLES H. PUCHEAU, Sheriff and Tax Collector.**

(December 8, 1925. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Taxation—Par. 276, 293.

The only immovable property that may be sold for taxes is the immovable property on which the tax is due.

Appeal from the Parish of Evangeline, Hon. B. H. Pavy, Judge.

This is a suit for the collection of taxes on both movable and immovable property. There was judgment ordering defendant to accept payment of a tax due on the immovable property owned by the plaintiff, and defendant appealed. Judgment affirmed.

Dubuisson, Perrault & Burleigh of Opelousas, attorneys for plaintiff, appellee.

J. C. Fruge, of Ville Platte, attorney for defendant, appellant.

LECHE, J. The plaintiff in this case held a mortgage on a lot of ground, together with the store building thereon, in the town of Basile. The owner of said property, one Demas Ardoin, unable to pay, transferred and conveyed the property to plaintiff November 21st, 1924, in satisfaction of the mortgage. At that time, in 1924, Ardoin had been conducting a mercantile business and surrendered to his creditors the stock of goods and merchandise contained in the store. Ardoin having failed to pay any of his taxes for 1924, the Sheriff and Tax Collector of the Parish of Evangeline proceeded to advertise for sale in satisfaction of Ardoin's taxes, the whole property.

Plaintiff tendered to the Sheriff and Tax Collector that portion of the taxes due on the lot and building, but defendant, acting upon instructions from the State Tax Commission, refused to accept only a part of the taxes, and he insists upon payment of all the taxes due by Ardoin. Upon the assessment· rolls the lot and building now owned by plaintiff appear to have been assessed for five hundred dollars and the merchandise and other movable effects were assessed for thirty-eight hundred and ninety dollars, so that it is not pretended that the relative amount of taxes due on the immovable property, and that due on the movable could not be definitely ascertained.

The only property that may be sold for taxes is the property on which the tax is due, except in the case of movables, and the property involved here being immovable, does not come within the exception.

We have not been favored with brief or argument on the part of the State and

therefore do not know upon what grounds the instructions from the Tax Commission are based.

The District Judge maintained the demand of plaintiff, ordered that defendant accept payment of the tax due on the immovable owned by plaintiff, and, believing that his judgment is correct, the same is hereby affirmed.